MATTER OF G—

In EXCLUSION Proceedings

A-11262507

*Decided by Board August 30, 1960*

**Constructive presence in United States satisfies residence requirement in section 340(f) protecting against loss of citizenship upon cancellation of parent's naturalization.**

Where misinformation as to retention of United States citizenship delayed passport applicant, who had acted diligently, from coming to the United States before attaining his 23d birthday on September 18, 1957, he is regarded as having been constructively present in the United States as of a date prior to his 23d birthday not only for purposes of retaining citizenship under section 301(b) and (c) of the Immigration and Nationality Act but also to satisfy residence requirement in section 340(f) preventing loss of citizenship upon cancellation of father's naturalization on June 5, 1958.

EXCLUDABLE: Act of 1952—Section 212(a)(20) [8 U.S.C. 1182(a)(20)]—No passport; no immigrant visa.

### BEFORE THE BOARD

DISCUSSION: By order dated December 2, 1959, this Board dismissed the appellant's appeal from the order of the special inquiry officer finding that he had lost United States citizenship and that he was excludable as an immigrant without the proper documents. The District Director, Miami, has filed this motion asking that the appellant be found to be a citizen of the United States. The motion will be granted.

The appellant was born in Lebanon on September 18, 1934. He became a citizen of the United States at birth through his father who had been naturalized in 1924 (section 1993, Revised Statutes, as amended). However, the law provided that a person such as appellant would lose United States citizenship on his 16th birthday if he failed to take up residence in the United States prior to that date (section 201(g) and (h) of the Nationality Act of 1940). The appellant's 16th birthday occurred in 1950; he had failed to take up his residence in the United States prior to that date. As of his 16th birthday, therefore, he was no longer a United States citizen.

In 1952, section 301(b) and (c) of the Immigration and Nationality Act changed the retention requirements so that a person born

64

abroad after May 24, 1934, of parents one of whom was a citizen would not lose United States citizenship unless he failed to come to the United States before attaining the age of 23. However, it was initially held that the benefits of these sections did not apply to one who had failed to retain his United States citizenship under the 1940 Act (*Matter of B—*, 5—291). While this interpretation was subsequently abandoned, it prevailed in February 1956 when appellant's father applied to the State Department for registration for himself and his son as United States citizens. The State Department, following the interpretation, advised him that his son had lost United States citizenship by failure to take up residence in the United States prior to his 16th birthday.

On November 18, 1957, action by the Supreme Court established the rule that a person who had failed to comply with the retention provisions of the 1940 Act requiring him to be a resident of the United States before his 16th birthday, could nevertheless retain citizenship by complying with the provisions of section 301(b) and (c) of the Immigration and Nationality Act which permit the retention of nationality if the national comes to the United States before reaching the age of 23 and was thereafter continuously physically present for at least 5 years between his 14th and 28th birthdays (*Matter of M—*, 7—646).

Thus, the information which had been given to appellant's father by the State Department in 1956 while appellant was still under 23 was incorrect; the provisions of section 301(b) and (c) of the Act applied to the appellant. The equities of such a situation gave birth to the rule that the person misinformed retained United States citizenship if, with due diligence, he applied for documentation before his 23d birthday and came to the United States expeditiously, for he is regarded as having constructively made a timely arrival in the United States, *i.e.*, as having come before his 23d birthday (*Matter of S—*, 8—221; *Matter of S—*, 8—226).

The appellant sought a United States passport on March 26, 1958, when he was over 23 years old. However, because misinformation as to his citizenship had been furnished by an official of the United States Government, his passport application was considered as having been filed in February 1956, the date of his father's registration as a United States citizen. The passport was issued on July 16, 1958, and the appellant arrived in the United States on August 15, 1958.

Were it not for a complicating factor which we shall now discuss, there would have been no bar to the appellant's admission as a citizen. He would have been considered as if he had been a resident of the United States from sometime before his 23d birthday. The com-

651377  63    c

plication arises from the fact that the naturalization of appellant's father was cancelled on June 5, 1958, under the provisions of section 340(d) of the 1952 Act. Section 340(f) of the Act provides that where cancellation of a parent's naturalization occurred under section 340(d), a person claiming United States citizenship through the parent shall lose his citizenship unless the person was residing in the United States at the time of the cancellation.

When these facts were brought to the attention of the special inquiry officer and the State Department, they both held that the appellant had lost United States citizenship upon the cancellation of the naturalization of his father because the appellant had not been living in the United States at the time of the cancellation. The Board affirmed this view. The District Director, Miami, points out in his motion that the appellant is deemed to be constructively in the United States as of a date prior to his 23d birthday (September 18, 1957), to enable him to enjoy the retention provisions of section 301(c) of the Act. It would be logical, the District Director believes, to hold that the constructive presence in the United States should also satisfy the requirements of section 340(f) so that it may be said that the appellant was in the United States on June 5, 1958, when his father's naturalization was cancelled. The views of the district director were presented to the Department of State which has announced its concurrence in them. The Service representative does not oppose the motion. The logic of the motion is compelling. It will be granted.

ORDER: It is ordered that the Board's order of December 2, 1959, be and the same is hereby withdrawn.

*It is further ordered* that the appeal from the decision of August 27, 1959, by the special inquiry officer be and the same is hereby sustained.

*It is furthered ordered* that the appellant be admitted as a citizen of the United States.